[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO STRIKE (#106)
The Plaintiff, Jerry A. Gustafson, filed a four count Amended Complaint on June 15, 2001, against the Defendants, Edward Congdon and Donald R. Bunce. The action arises out of an automobile accident involving the parties. The Plaintiff alleges that on or about April 30, 1999, he was operating his motor vehicle on a public highway when he was struck and injured by Congdon, who was driving Bunce's motor vehicle. In the First Count, the Plaintiff alleges that Congdon was the operator of the vehicle and was negligent and reckless in the way he operated the vehicle when he struck the Plaintiff. In the Second Count, the Plaintiff seeks statutory double or treble damages from Congdon pursuant to General Statutes §14-295.[1] In the Third Count, the Plaintiff alleges that Bunce, as owner of the vehicle driven by Congdon, is vicariously liable to the Plaintiff for any and all damages caused by the operator of the vehicle. In the Fourth Count, the Plaintiff seeks statutory double or treble damages from Bunce pursuant to § 14-295. Bunce has filed the present motion to strike the Fourth Count of the Plaintiff's Amended Complaint and any corresponding prayer for relief seeking double or treble damages on the ground that an owner of a vehicle cannot be held vicariously liable for punitive damages under § 14-295.[2]
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff" (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825,676 A.2d 357 (1996). CT Page 2640
The central issue is whether the Plaintiff is entitled to double or treble damages from the owner of the vehicle under § 14-295, which authorizes recovery of double or treble damages against a party who has with reckless disregard operated the vehicle. Bunce argues that at common law there is no vicarious liability for punitive damages and that §14-295 does not abrogate the common law rule. See, e.g., Maisenbacker v.Society Concordia, 71 Conn. 369, 380, 42 A. 67 (1899) ("A principal, therefore, though an of course liable to make compensation for injuries done by his agent within the scope of his employment, cannot be held liable for exemplary or punitive damages, merely by reason of wanton, oppressive or malicious intent upon the part of the agent."). The Plaintiff argues, however, that there is a split of authority in the Superior Court concerning the issue. See Metzger v. Correia, Superior Court, judicial district of New London at New London, Docket No. 553479 (June 28, 2000, Dyer, J.). The Plaintiff further argues that under General Statutes § 52-183[3] there is a presumed principle-agent relationship between the owner and operator making the owner liable "for the negligent or reckless operation of the motor vehicle. . . ." (Emphasis added.) General Statutes § 52-183. The Amended Complaint specifically alleges that "the defendant Congdon was operating his vehicle as the agent and/or employee of Bunce, and was operating said vehicle within the scope of his authority to do so." (First and Fourth Counts, ¶ 4.) The plaintiff thus concludes that the combined effect of §52-183 and § 14-295 is to allow recovery of punitive damages against the owner Bunce for the alleged reckless operation of the vehicle by Congdon.
This Court concurs with the Plaintiff. The legislative intent is clear from the plain language of the statute that § 52-183 enables plaintiffs to pursue the owner of a vehicle for an operator's reckless conduct. "Damages for the reckless operation of a motor vehicle are the classic type of damages subject to the multiplier effect of § 14-295. The legislative reference to damages for recklessness in § 52-183 can reasonably be read as encompassing double or treble damages imposed under § 14-295." Santillo v. Arredono, Superior Court, judicial district of New Haven, Docket No. 442323 (March 21, 2001, Blue, J.). This Court therefore holds that the legislature intended § 52-183 to abrogate the common law rule prohibiting exemplary damages against vicariously liable parties.
The Defendant's motion to strike the Fourth Count is denied.
David L. Fineberg Superior Court Judge CT Page 2641